NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA DE LA LUZ ERIGOYA GARAY,
Petitioner,

v.

MERRICK B. GARLAND, Attorney General,
Respondent.

No. 22-178

Agency No. A208-120-083

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2023**
San Francisco, California

Before: CALLAHAN, R. NELSON, BADE Circuit Judges.

Petitioner Maria De La Luz Erigoya Garay ("Erigoya Garay"), a citizen of

Mexico, petitions for review of a decision of the Board of Immigration Appeals

(BIA). The BIA dismissed her appeal of an Immigration Judge's (IJ) decision

denying her applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

1252(a)(1). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Erigoya Garay sought asylum and withholding of removal based on her membership in various protected social groups. We hold that there is substantial evidence to support the BIA's conclusion that Erigoya Garay is not eligible for asylum or withholding of removal. A petitioner's fear of future persecution needs to be "subjectively genuine and objectively reasonable," and she needs to provide "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (citations omitted). As evidence of persecution, Erigoya Garay testified that she had been slapped by the father of her partner and her partner had been threatened by two cartel groups. Erigoya Garay, however, did not experience any prior violence from the cartels and was not the subject of any threats from the cartels. She based her fear of cartel violence on her connection to her former partner's family, but no members of that family besides her partner were threatened by the cartels and none have been harmed. Although she was slapped by the father of her partner, this does not compel the conclusion that this violence

2

rises to the level of persecution. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (finding that a personal dispute could not support a claim for asylum); *Afriyie v. Holder*, 613 F.3d 924, 936 n.9 (9th Cir. 2010) (explaining that "without demonstrating past persecution," the petitioner has "the burden of showing that relocation would not be safe or reasonable"), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc). Erigoya Garay also failed to show that she could not relocate to another part of Mexico, as her mother did to avoid the cartel violence.

2. Under CAT, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Erigoya Garay did not suffer past torture in Mexico. There is also nothing in the record to show that Erigoya Garay is likely to suffer torture should she return to Mexico. The IJ reasonably found and the BIA affirmed that Erigoya Garay failed to establish that a Mexican official would acquiesce to harm rising to the level of torture. For these reasons, we also deny Erigoya Garay's CAT claim.

Accordingly, the petition for review is **DENIED.**